**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| **BEM WIRELESS LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **ANTEC, INC.,** <br><br> Defendant. | Case No.: _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff BEM Wireless LLC ("Plaintiff" or "BEM Wireless"), by its attorneys, as and for its Complaint against Defendant Antec, Inc.. ("Defendant" or "Antec") alleges as follows:

## NATURE OF THE CASE

1. This is a civil action for (1) violation of the Lanham Act, 15 U.S.C. §§ 1051-1127; (2) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act; and (3) unfair competition under Illinois common law. BEM Wireless brings this action to protect one of its most valuable assets, namely, the goodwill and consumer recognition of Plaintiff's protectable trade dress associated with its wireless speakers.

2. Specifically, BEM Wireless seeks to stop the imitation of its unique wireless speaker design (exemplified below, left) by an unauthorized competitor, namely, Antec, Inc. (product pictured below, right):

 

**Plaintiff's Mobile Speaker**          **Defendant's Sugar Cube**

## PARTIES

3. BEM Wireless, LLC is a Delaware Limited Liability Company having its principal place of business at 1725 Kilkenny Ct., Woodstock, IL 60098.

4. On information and belief, Antec, Inc., is a California Corporation having its principal place of business at 48017 Fremont Blvd., Fremont, CA 94538.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over Plaintiff's Lanham Act claims, pursuant to 15 U.S.C. § 1121 (Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks), and 28 U.S.C. § 1332 (diversity). This Court has supplemental jurisdiction over Plaintiff's related state and common law claims under 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendant because Defendant is engaging in various activities within this State and this District, including offering for sale, selling, and distributing its accused products in this district. The consequences of Defendant's

actions also produce effects in and directly implicate this forum including by harming Plaintiff in this State and this District. .

7. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred within this District and because Defendant's acts of infringement are causing harm in this District.

## FACTUAL BACKGROUND
### BEM Wireless LLC

8. Founded in 2012, BEM Wireless (pronounced "beam wireless") is a leading seller of various consumer electronic devices. In particular, BEM Wireless is well-known as a seller of unique wireless speakers.

9. BEM Wireless markets and sells its wireless speakers through its website, www.bemwireless.com.

10. BEM Wireless also markets and sells its wireless speakers through other channels, including, for example, in various retail locations and on websites run by BEM Wireless's licensees or distributors. For example, BEM Wireless's wireless speakers are sold on Target.com and Brookstone.com.

11. Through its marketing efforts, BEM Wireless has garnered a substantial following. Its wireless speakers have received substantial and favorable unsolicited press coverage. BEM Wireless's speakers have also been featured, for example, on Thrillest.com ("An Awesomely Convenient Triumvirate of Wireless Tune-Age"); on www.cnet.com ("Bluetooth audio that's truly plug and play (hands-on)"); and on www.chipchick.com ("Speaker Trio, Because Three Wireless Speakers are Better than One"). *See* Exhibit A, printout of page from www.bemwireless.com listing press coverage.

12. Relevant to this case, BEM Wireless has a family of products that are readily identifiable because they each bear a signature "grill-and-dot" pattern (the "BEM Design"). This unique and identifiable component of BEM Wireless's product design is clearly and consistently displayed in the following sampling of BEM Wireless's products, all of which BEM Wireless either currently sells or has sold in interstate commerce:

| Model | Photograph |
|---|---|
| Mobile Speaker |  |
| Mini Mobile Speaker | |

4

| Speaker Duo |  |
|---|---|
| Speaker Trio | |
| Mojo Speaker | |



| Outlet Speaker | |
|---|---|
| Speaker Band | |

13. As shown in the above chart, Plaintiff's family of products, including wireless speakers and other products, consistently employ the BEM Design. This unique pattern is clearly shown in the following photo, which is a top-down view of a BEM Wireless Mini Mobile speaker:



14.     The BEM Design is also clearly employed on Plaintiff's Mojo Speaker:



15.     As shown below, the design is also clearly employed on Plaintiff's Mobile Speaker.  Furthermore, the BEM Design is prominently shown to customers, next to the BEM name, as soon as they open the box:



16. By displaying its products in this manner, above the phrase "say hello to bēm," Plaintiff is introducing its signature BEM design as a source identifier.

17. Since at least as early as 2013, BEM Wireless has employed the BEM Design in interstate commerce for several of its products, including wireless speakers.

18. The BEM Design is distinctive.

19. Relevant consumers recognize and associate the BEM Design with its source, BEM Wireless.

20. The BEM Design has an established or acquired secondary meaning in the marketplace as a source identifier.

21. The BEM Design is not functional.

22. Furthermore, Plaintiff owns a design patent for its unique Speaker Trio design, D722,042 (the '042 Patent). Attached hereto as Exhibit B.

23. The design claimed in the '042 Patent is comprised of three discrete speakers and a charging base. As shown in the following Fig. 9 from the '042 Patent, each individual speaker is separable and displays the BEM Design:



FIG. 9

24. In other words, the BEM Design is an element, among others, of the design claimed in the '042 Patent.

25. Accordingly, the '042 Patent is evidence that the BEM Design, like the other elements of the claimed design, is not functional.

26. On information and belief, and notwithstanding the acts of Defendant complained of herein, BEM Wireless is the only seller of wireless speakers to employ the BEM Design.

**Defendant's Infringing and Unfair Conduct**

27. On information and belief, Defendant owns and operates a website at www.antecmobileproducts.com, where it promotes and sells various consumer electronic devices, particularly those designed for use with mobile devices. *See* Exhibit C, printout of www.antecmobileproducts.com homepage.

28. Defendant is a direct competitor of BEM Wireless.

29. On information and belief, Defendant markets and sells its products through various other retailers in the United States, both online and offline, including at and on Amazon.com, Walmart, Walmart.com, Newegg.com, and several other third-party websites.

30. In particular, Defendant markets, promotes, offers for sale, and sells a "Sugar Cube" wireless speaker (the "Infringing Speaker"), pictured below. *See also* Exhibit D, printout of Sugar Cube page from www.antecmobileproducts.com; Exhibit E, printout of Sugar Cube page from Amazon.com.



31. On information and belief, Defendant began marketing and selling the Infringing Speaker in or around January or February 2015.

32. The Infringing Speaker is substantially or actually cubical, similar to the design of, *inter alia*, BEM Wireless's Mojo Speaker, Mobile Speaker, and Mini Mobile Speaker design.

33. Furthermore, the Infringing Speaker comes in a variety of colors.

34. Notably, as clearly shown in the below photo, Defendant's Infringing Speaker employs a "grill-and-dot" pattern on its top-facing wall:



35. As shown in the following comparison, Defendant's Infringing Speaker top design is virtually, if not actually, identical to the BEM Design:

 

**Defendant's Sugar Cube**          **Plaintiff's Mobile Speaker**

36. Because of this similarity, consumers are likely to be misled as to the source, sponsorship, or approval of Defendant's Infringing Speaker.

37. Furthermore, because Defendant's Infringing Speaker is cubical and comes in a variety of colors, similar to many of Plaintiff's products, consumers are even more likely to be misled.

11

38. On information and belief, Defendant has intentionally imitated the BEM Design in order to improperly and unfairly trade on the substantial reputation and goodwill that Plaintiff has achieved through its marketing efforts and years of customer satisfaction.

39. Specifically, on information and belief, Defendant has intentionally employed an imitation of the BEM Design in conjunction with a substantially cubical wireless speaker, offered in several colors, in an effort to imitate Plaintiff's Mini Mobile Speaker, Mobile Speaker, and/or Mojo Speaker, and to confuse or mislead consumers into believing that they are purchasing same or that Defendant's products are sponsored by, affiliated with, or approved by Plaintiff.

40. Additionally, the Infringing Speaker very closely resembles the individual speakers which make up the patented Speaker Trio design claimed in the '042 Patent.

41. As a result, consumers are likely to be misled into believing that Defendant's Infringing Speakers are approved replacement speakers for or are otherwise compatible with Plaintiff's Speaker Trio.

42. On information and belief, Defendant had actual knowledge of the existence of Plaintiff's wireless speakers, design patent, and use of the BEM Design before Defendant first began using, offering to sell, or selling its Infringing Speakers.

43. At no time has BEM Wireless authorized Defendant to use the BEM design or to create any product which unfairly imitates the BEM Wireless products.

## COUNT I
## VIOLATION OF THE LANHAM ACT
## (15 U.S.C. §§ 1051-1127)

44. Plaintiff incorporates by reference Paragraphs 1 - 43 above as if restated herein in their entirety.

45. Defendant is using, in commerce, a reproduction or colorable imitation of Plaintiff's product design, including, but not limited to, the BEM Design set forth above.

46. Plaintiff has neither consented to nor authorized Defendant's use of the BEM Design or any confusingly similar imitation of its product.

47. The BEM Design is sufficiently distinctive and/or has sufficient secondary meaning to warrant protection under the Lanham Act.

48. Defendant's use of the BEM Design is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of Defendant's wireless speakers.

49. Defendant's sale of a product which imitates Plaintiff's BEM Design is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of Defendant's wireless speakers.

50. Defendant's conduct constitutes a violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

51. The intentional nature of Defendant's conduct renders this an exceptional case under 15 U.S.C. § 1117(a), justifying the imposition of treble damages and the award of BEM Wireless's fees and costs, including attorney's fees, incurred in bringing and pursuing this action.

52. As a result of Defendant's aforesaid conduct, BEM Wireless has suffered and continues to suffer substantial damage and irreparable harm constituting an injury for which BEM Wireless has no adequate remedy at law. In particular, Plaintiff will continue to suffer irreparable harm through harm to Plaintiff's reputation and good will unless this Court enjoins Defendant's conduct.

## COUNT II
## ILLINOIS COMMON LAW UNFAIR COMPETITION

53. Plaintiff incorporates by reference Paragraphs 1 - 52 above as if restated here in

their entirety.

54. By marketing, advertising, and selling its Infringing Speaker, Defendant is acting with the purpose and intent to deceive consumers into believing that Defendant's products are made by BEM Wireless or are affiliated with or approved by BEM Wireless.

55. By marketing, advertising, and selling its Infringing Speaker, Defendant intends to harm and is harming Plaintiff's business, including by harming Plaintiff's reputation and good will.

56. As a result of Defendant's unfairly competitive activities, Plaintiff has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law unless Defendant is enjoined from marketing and selling wireless speakers which employ a design that is confusingly similar to the BEM Design.

57. Plaintiff is also entitled to recover money damages to compensate for Defendant's unfair conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff BEM Wireless LLC respectfully seeks the following relief against Defendant Antec, Inc.:

A. Judgment that Defendant's conduct constitutes federal unfair competition in violation of 15 U.S.C. § 1125(a).

B. Judgment that Defendant's conduct constitutes unfair competition under Illinois common law.

C. Damages in an amount to be proven at trial, in the form of disgorgement of Defendant's profits, actual damages suffered by Plaintiff, and compensation for corrective advertising.

D. Treble damages as a result of the willful nature of Defendant's conduct, in accordance with 15 U.S.C. § 1117.

E. Plaintiff's attorneys' fees incurred in bringing this action, in accordance with 15 U.S.C. § 1117.

F. A preliminary, mandatory, and permanent injunction enjoining, restraining and ordering Defendant, and its officers, agents, servants, attorneys, and other persons who are in active concert or participation with it:

    1. To cease using, selling, offering for sale, holding for sale, advertising, or promoting the Infringing Speaker.

    2. To cease using, selling, offering for sale, holding for sale, advertising, or promoting any goods or services which display a design that is confusingly similar to the BEM Design.

    3. To deliver and destroy all inventory, literature, advertisements, and other materials displaying the Infringing Speaker.

H. Pre-judgment and post-judgment interest to the maximum extent allowed by law.

I. Any and all other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

DATED: December 29, 2015            Respectfully submitted by,

    /s/ Edward L. Bishop
    Edward L. Bishop
    ebishop@bishoppatents.com
    Nicholas S. Lee
    nlee@bishoppatents.com
    BISHOP DIEHL & LEE, LTD.
    1750 East Golf Road, Suite 390
    Schaumburg, IL 60173
    Phone (847)969-9123
    Fax: (847) 969-9124

    *Attorneys for Plaintiff*
    *BEM Wireless LLC*